## RETURN TO VENDOR OF PROPERTY CONDITIONALLY SOLD.

### Circuit Court of Cuyahoga County.

HERMAN F. SCHLITT ET AL V. THE CLEVELAND STORE FIXTURE
COMPANY.

Decided, December 16, 1907.

*Conditional Sales—Provisions as to Installment Payments Not Material
—Vendor Seeking Return of Chattels Must Prove Return of Pay-
ments.*

1. An agreement for the sale of .chattels with a provision that the
title is to remain in the vendor until they are fully paid for, is a
conditional sale and within the provisions of Section 4155-2, Re-
vised Statutes, and whether or not the contract provides for pay-
ment in installments is immaterial.
2. A vendor seeking the recovery of goods sold on a contract of con-
ditional sale must allege and prove that he had paid or tendered
the vendee the amount of the purchase price he had received
less a reasonable amount (not exceeding fifty per cent.) for their
use.

*Klein & Harris,* for plaintiff in error.
*Wm. H. Hill* and *Alvay Curtis,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are reversed from their relative positions
in the court of common pleas.    The terms plaintiff and defend-
ant as used in this opinion refer to the parties as they stood
in the court below.  The facts are these:

On the 17th day of June, 1903, one Wm. F. Schultz placed
an order with the plaintiff for certain furniture and other
chattels.  This order was accepted by the plaintiff and so became
a contract between the parties.  This contract provided as to
price of and payment for the goods in these words:

"Price ($355) three hundred and fifty-five no/100 dollars.
Settlement to be made (on delivery of goods).  Terms: f.o.b.,
Cleveland, Ohio.

"All orders for special work must be secured with 30 per
cent. down payment on signing of order, 30 per cent. in ————

from date of order, 30 per cent. on shipment of goods, and balance immediately after goods are in place.

"If the goods are sold on payments, notes bearing 6% interest, mortgage or other security, with fire insurance covering the balance satisfactorily to be given.

"And it is agreed as security for the payment of the above that you retain title to said property until fully paid for (notes and drafts not to be considered as payment until they are redeemed), and in default of the full payment of any *one* payment, as herein agreed, you or your agent may enter my premises without process of law, and take possession of and remove said property, and I hereby bind myself not to sell, trade, transfer, convey or otherwise dispose of said property above ordered, or any part thereof, without having first obtained the consent of the Cleveland Store Fixture Company.  *  *  *

"It is agreed that, the writing and printing above contains all to which the parties of either part are bound."

This contract was made upon a printed blank, so that some of the language used has no special reference to a case like this, but enough has been quoted to show that which the contract was as to payments and the retention or ownership by the plaintiff until the goods were fully paid for.  On the part of the plaintiff this contract was executed by the delivery of the goods to Schultz.

On the 12th day of September, 1903, the plaintiff, through its agent, made an affidavit, and attached it to this contract, which affidavit reads:

"STATE OF OHIO, CUYAHOGA COUNTY, ss.

"Henry E. Wetzel upon his oath says that he is the agent of the Cleveland Store Fixture Company, duly authorized in the premises, that the instrument hereto attached, marked, 'Exhibit A' is true copy of a contract of purchase made by said William F. Schultz of city of Cleveland, county of Cuyahoga, Ohio, and that there is unpaid and still owing thereon from said William F. Schultz to said the Cleveland Store Fixture Company, the sum of one hundred dollars on the terms and conditions set forth in said contract."

When the contract was made Schultz paid $100 of the purchase price.  Subsequently from time to time, the last payment being made some time in August, 1903, he paid an additional

$155. The remaining $100 of the purchase price has never been paid.

In October, 1903, Schultz sold the goods to the defendants, giving them a bill of sale, the consideration being a debt then owed by Schulz to the defendants. Thereafter, the plaintiff brought suit in replevin before a justice of the peace and the gooods were levied upon, and thereupon the defendants undertook as provided in 6616, R. S. O., under title "counter-bond by defendants." The conditions of the bond being such as provided by the statutes, to-wit:

"That the defendant will safely keep the property and in case the judgment shall be against him, that he shall return the property taken, or pay the value so assessed, at the election of the plaintiff, and also pay the damages assessed for the taking detention and injury of the property and costs of suit," etc.

Upon the giving of this bond the property was returned to the defendant and the suit proceeded to judgment. From this judgment appeal was taken to the court of common pleas and there tried, with the result that the plaintiff obtained a judgment against the defendants in the sum of $100, and interest perhaps.

It should be stated that an appraisement of the goods was waived in the proceeding before the justice, and the value was agreed upon at $100.50. To reverse this judgment the present proceeding is prosecuted.

The plaintiff, if entitled to recovery, was so entitled because of his contract with Schultz, and the question was raised in the trial court and is raised here, whether the contract was a chattel mortgage, or whether it was a contract of conditional sale, as provided for in R. S. 4155-2.

It is urged that as the language of the contract is, "Price three hundred and fifty-five dollars; settlement to be made upon delivery of goods," this was not such a contract as is provided for in 4155-2. The statute reads:

"In all cases where any personal property shall be sold to any person, to be paid for in installments in whole or in part, or shall be leased, rented, hired, delivered, to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring, or receiving the same whenever the amount

paid shall be a certain sum or the value of such property, the title to the same to remain in the vendor, lessor, renter, hirer or deliverer of the same, until such sum or the value of such property or any part thereof shall have been paid, such condition, in regard to the title so remaining until such payment shall be void as to all subsequent purchasers and mortgagees in good faith, and creditors unless such conditions shall be evidenced by writing signed by the purchaser, lessor, renter, hirer or receiver, of the same, and also a statement thereon, under oath made by the person so selling, leasing or delivering any property as herein provided, his agent or attorney, of the amount of the claim, or a true copy thereof, with an affidavit that the same is a copy, deposited with the county recorder of the county where the person signing the instrument resides at the time of the execution thereof, if a resident of the state.''    *    *    *

Under this statute it is not necessary that payments for the property purchased shall be made in installments. The statute includes not only sales made to be paid for in installments, but includes all contracts where the property sold is delivered to another on condition that the same shall belong to the person receiving such property whenever the amount paid shall be a certain sum, or shall be the value of such property; the title to the same to remain in the deliverer of such property until such sum shall have been paid. A careful reading of the section clearly shows that property sold and delivered by one to another, the title remaining in the deliverer until the receiver shall have paid a fixed sum, or the value of the property, is within the terms of the statute.

Section 4155-3 provides how the vendor may retake property sold upon such conditional sale, and reads:

''Whenever such property    *    *    *    is so    *    *    *    delivered, it shall be unlawful for the persons who so delivered    *    *    *    to take possession of said property, without tendering or refunding to the    *    *    *    party receiving the same from the vendor, the sum or sums of money so paid after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed 50 per cent. of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed, in such contract or not, unless such property has been broken, or actually damaged, and

then a reasonable compensation for such breakage or damage shall be allowed.

"Provided, that the vendor shall not be required to tender or refund any part of the amount so paid, unless said amount so paid to the vendor exceeds 25 per cent. of the contract price of the property."

If the suit had been brought by the plaintiff against Schultz while the property was in his possession, it is clear that it would not have been entitled to recover, without having first paid or tendered the money which the defendant had paid upon the property, after deducting a reasonable compensation for the use of the property and deducting for any damage that the property had suffered, and a reasonable compensation for such damage.

. This is so because the contract comes within this statute and the payments made very greatly exceed 25 per cent. of the contract price of the property. No payment or tender was made by the plaintiff to anybody. It is said, on argument on the part of the defendant in error, that the failure to pay or tender payment on the part of the palintiff would be matter of defense, but this is not sound. The petition of the plaintiff was the ordinary petition in replevin, setting out that the plaintiff was the owner and entitled to the immediate possession of the goods. The answer was a general denial. This put upon the plaintiff the burden of showing affirmatively that it was so entitled to the immediate possession of the goods.

If it was so entitled, as against Schultz, it was so entitled because of the facts which have been stated, and upon which it relied, but the answer put upon it the burden of showing that it had complied with all these provisions of the statute, which entitled it to the possession; that, it failed to do. There was no evidence offered tending to show that the property had been damaged or injured in any way; hence, under the evidence, the amount to be tendered by the plaintiff would not be reduced on account of any damage. But as no tender was made at all this is a matter of indifference.

That the rights of the defendants were exactly what the rights of Schultz would have been if a suit had been brought against him while the property was in his possession is settled

by the case of *The National Cash Register Company* v. *Cervone,* 76 O. S., page 12.  The second paragraph of the syllabus in this case reads:

"Where there has been paid on the contract of conditional sale an amount in excess of twenty-five per cent. of the purchase price, and the vendee has transferred his interest in the property by mortgage or sale, the vendor is not entitled to replevin the property so sold without first tendering to the mortgagee, or purchaser in possession any amounts paid thereon less a reasonable compensation for the use of the property (not exceeding fifty per cent. of the amount so paid) and for the damage done to it while in possession of the vendee or his assigns."

Under the evidence then, the verdict and judgment should have been for the defendants and the court erred in its charge to the jury in saying that the contract was a chattel mortgage and then applying to the case the law governing chattel mortgages.  The judgment of the court below is therefore reversed for error in the charge and for error in overruling the motion for a new trial on the ground that the verdict was against the weight of the evidence.